UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRA ALSTON,

    Plaintiff,
v.                                                          3:09-cv-00207 (CSH)

CAPTAIN BUTKIEWICUS et al.,                                 **ORDER**

    Defendants.

HAIGHT, Senior District Judge:

    Plaintiff Ira Alston has filed a "Motion for Reconsideration of Plaintiff's Motions to Vacate / Motion to Vacate Court's Ruling and Order [doc. #38] entered on December 16, 2009." [doc. #39]. He asks the Court to reconsider its denial of three motions to vacate, *see* Order [doc. #38] (Dec. 16, 2009), and furthermore to vacate the remainder of that same Order. For the reasons that follow, reconsideration is GRANTED but the relief requested is DENIED.

    In the present motion, Alston revisits the merits of his original motions to vacate or stay [docs. ##34, 35, and 36], which contained primarily procedural grievances. The Court declines to revisit those grievances.[1]

    The only substantive argument raised by Alston is a perceived inconsistency between this case and another on this Court's docket. In the other case, *Alston v. Pafumi*, No. 3:09-cv-1978

---

1. The present motion delves into trivial grievances. For example, Alston complains that the Court "glanced over the fact that" Alston had wanted to oppose a motion for an extension of time, but was denied an extension of time to file an opposition to that motion for extension of time. In reality, the docket demonstrates that the Court granted the extension that Alston wanted to oppose, *see* Order [doc. #30] (filed Oct. 1, 2009, at 11:03 a.m.), before it had even received Alston's motion seeking more time in order to oppose the extension request. *See* Motion for Extension of Time [doc. #31] (file-stamped Oct. 1, 2009, at 3:29 p.m.). Thus, its ruling was proper under this District's Local Rule of Civil Procedure 7(b)(3), which explicitly permits the Court to grant an extension of time *ex parte*. And in any event, even if Alston had successfully filed an objection (rather than merely a motion to extend time to object) before the Court's ruling, it would still have been proper for the Court to grant the extension of time over such an objection.

(CSH), Alston moved for, and was granted, leave to proceed *in forma pauperis*. That occurred after, in the case at bar, the Court had already ordered him to show cause why that status should not be revoked. *Compare* Electronic Order [doc. #5], *Alston v. Pafumi*, No. 3:09-cv-1978 (CSH) (Dec. 10, 2009), *with* Ruling & Order [doc. #25] (Aug. 12, 2009). Furthermore, Alston argues that in the second case, he "made full disclosure to the Court that one of plaintiff['s] previous lawsuits . . . was settled for $12,500.00." Mot. [doc. #39] at 8, ¶ 8. Therefore, he argues, the Court's rulings and orders "seem to contradict themselves." *Id.* ¶ 9.

As an initial matter, the Court is not obligated to monitor, across cases and from day to day, the changing financial status of litigants who are proceeding *in forma pauperis*. In the earlier of Alston's cases before me, it took several months for his settlement proceeds to come to the Court's attention, and indeed, that happened only after the State of Connecticut raised the issue. So it is unsurprising that Alston's more recent case might follow a similar course.

Moreover, it is disingenuous for Alston to claim that he "made full disclosure" of the $12,500 settlement in his most recent lawsuit. In fact, his motion to proceed *in forma pauperis* in that case makes no mention of the lawsuit or his settlement proceeds. *See* Mot. [doc. #1], *Alston v. Pafumi*. Instead, the "full disclosure" consists of a cursory reference on page four of the complaint in that case, which fails to mention the year in which the case was settled, or the fact that the settlement was obtained free from any lien against the costs of incarceration.[2] *See* Compl. [doc. #2] at 4, *Alston v. Pafumi*.

---

2.  Those facts may be buried somewhere among the 67 pages of that complaint, most of which are single-spaced and handwritten, but the Court declines to search for them.

Thus, the Court's rulings do not contradict themselves.  Alston has merely brought to my attention the fact that his *in forma pauperis* status is just as questionable in *Alston v. Pafumi* as it is in this case, *Alston v. Butkiewicus*.

The only other substantive point raised in Alston's most recent motion relates to what evidence Alston must submit when refiling a motion for reconsideration of the Court's Ruling and Order of August 12, 2009 [doc. #25].  Alston asks:

> Is the court requiring . . . an affidavit swearing under oath that he is indigent accompanied with any supporting documentation Plaintiff choses as proof of such indigency?  Or is the Court requiring the Plaintiff . . . to submit an affidavit swearing under oath that he engaged in the expenditures highlighted in Plaintiff's Reply (doc. #27) therefore was indigent as of February 3, 2009 . . . ?  Or is the court requiring the plaintiff . . . to support such motion by affidavit swearing under oath that plaintiff did not commit perjury when plaintiff did not report the settlement sum in his filings for appointment of counsel and leave to proceed in forma pauperis?

Mot. [doc. #39] at 9, ¶ 10.

As I have already written, "Alston may move again for reconsideration, but such a motion must be accompanied by a supporting affidavit, and with whatever other supporting evidence plaintiff chooses to submit."  Order [doc. #38] at 4.[3]  At a minimum, Alston should submit credible evidence that the statements in his motion for *in forma pauperis* status [doc. #2] were accurate when written.[4]  But Alston could achieve that goal and restore his credibility if he submits documentary evidence verifying the expenditures he claimed to have made in his "Reply" of August 31, 2009 [doc. #27].  Because his credibility is in doubt, I can assign little

---

3.   Of course, Alston may also submit an unsworn declaration made under penalty of perjury, pursuant to 28 U.S.C. § 1746.

4.   Obviously, Alston's third proposed option — a submission under penalty of perjury that the affiant or declarant did not previously commit perjury — is of no value whatsoever.

probative value to an affidavit or declaration which merely repeats that Alston "engaged in the expenditures highlighted" in his original filing.

Reconsideration of the Court's previous Order [doc. #38] is GRANTED but the relief requested in DENIED.  I adhere to my prior Order, with a slightly extended deadline; **Alston must submit any motion for reconsideration of the Court's Ruling and Order dated August 12, 2009, [doc. #25] no later than <u>February 12, 2010.</u>**

Dated: New Haven, Connecticut
January 22, 2010

                                                                                   */s/ Charles S. Haight, Jr.*
                                                                                    Charles S. Haight, Jr.
                                                                                    Senior United States District Judge