UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRA ALSTON, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | Case No. 3:09-cv-207(CSH) |
| : | |
| BUTKEIWICUS, et al., : | |
|     Defendants. : | |

**<u>RULING AND ORDER</u>**

Plaintiff seeks reconsideration of the Court's ruling denying his motions seeking an order permitting him to correspond with other inmates and extending the deadline to respond to Defendants' motion for summary judgment. Plaintiff also has filed another motion for extension of time to respond to the motion for summary judgment. Defendants oppose both motions.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the Court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007). A plaintiff cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted). Plaintiff has not met this standard.

Plaintiff seeks reconsideration because the Court did not consider his opposition to the defendants' motions. That opposition was not filed until after the court had ruled on the motions and was not timely. Plaintiff filed his motions on March 7, 2012. Defendants timely filed their response. Although it is not required, Plaintiff filed a reply brief. Any reply brief, however, must be filed within fourteen days of the filing of the responsive brief to which it is addressed. By his own admission, Plaintiff did not mail his reply brief to the court until May 4, 2012, thirty-four days after Defendants' response was filed. D. Conn. L. Civ. R. 7(d).

In addition, Plaintiff has not identified any controlling facts or law overlooked by the court. The Court relied on the established practice in place for inmates to communicate with other inmates through the Inmates' Legal Assistance Program. Although the Court did not include any citation in its decision, the practice is described in state case law. *See Shuckra v. Armstrong*, No. CV 980580978S, 1999 WL 179619 (Conn. Super. Ct. Mar. 4, 1999). Plaintiff's motion for reconsideration is denied.

In his second motion, Plaintiff seeks an extension of time to respond to Defendants' motion for summary judgment. He seeks sixty days after he is permitted access to his legal materials currently held in short-term storage at the correctional facility and various other items are returned to him. Plaintiff states that he now has nine boxes of legal materials and is not permitted to retain all of them in his cell.

In opposition, Defendants state that Plaintiff, like all prisoners at Northern Correctional Institution, is permitted to retain five cubic feet of property in his cell. One box of legal materials is approximately one cubic foot. Thus, Plaintiff may retain five boxes of legal materials. In addition, Plaintiff may switch boxes or legal materials included in a box upon request to correctional staff.

Defendants note that Plaintiff was permitted to review and exchange legal material on June 1, 2012. *See* Aff. of Damian Doran, Defs.' Mem., Doc. # 121, Ex. A, ¶¶ 10-11. As Plaintiff has been afforded access to his legal materials after he filed his motion, the Court concludes that he has had an opportunity to retrieve the references items and his request now is moot.

Plaintiff also argues that Defendants have not complied with an agreement to allow him access to the materials in short-term storage within one or two business days. That agreement, entered in another case, applied only in that case and only because Plaintiff was representing himself at trial in that case. *See* Defs.' Mem., Doc. #121, Ex. C, Aff. of Steven Strom, ¶¶ 6-7.

Plaintiff's motions [Docs. ## 117 and 123] are DENIED. Plaintiff is directed to file his response to Defendants' motion for summary judgment no later than July 16, 2012. This final deadline will not be extended. If no memorandum is filed within that time, the Court will consider the motion to be unopposed, regardless of any other motions filed by Plaintiff. Defendant's Motion for Default Judgment [Doc. # 126] is DENIED as moot.

**SO ORDERED** at New Haven, Connecticut this 28th day of June 2012.

                             */s/ Charles S. Haight, Jr.*
                             Charles S. Haight, Jr.
                             Senior United States District Judge