UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No.  3:09-cv-207 (CSH) |
| | : | |
| BUTKEIWICUS, et al., | : | |
|     Defendants. | : | |

RULING ON MOTIONS FOR APPOINTMENT OF COUNSEL AND RECONSIDERATION

The defendants moved for summary judgment in this case on January 30, 2012.  After being granted several extensions of time to file his response, the plaintiff was informed that his final deadline for responding to the motion was July 16, 2012.  On July 11, 2012, the court received a third motion seeking appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915.  Two days later, the court received a motion for partial reconsideration of the ruling denying further extensions of time to respond to the motion for summary judgment.  For the reasons set forth below, the plaintiff's motions are denied.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The plaintiff seeks reconsideration because the court did not reference his inability to obtain legal assistance from Inmates' Legal Assistance Program.

The plaintiff states that he contacted Inmates' Legal Assistance Program seeking assistance in responding to the motion for summary judgment on May 4, 2012.  When he did not receive an immediate reply, he wrote a second letter on May 17, 2012, asking for expedited treatment.  On May

24, 2012, the plaintiff was informed that the program attorney had not yet been able to determine whether the plaintiff had presented a prima facie case in his complaint to warrant assistance.

Although the plaintiff was notified in 2009, and again in 2010, that he must contact Inmates' Legal Assistance Program before the court would consider appointing counsel, *see* Docs. ## 25, 56, he waited until May 2012, over three months after the motion for summary judgment was filed, before contacting Inmates' Legal Assistance Program. While the motion for summary judgment was pending, he was aware of his obligation to respond to the motion, the contents of an appropriate response and his purported difficulties prosecuting this case. In addition, he waited nearly until the final deadline for filing his response before filing his motion for appointment of counsel. The plaintiff is not a novice litigant. The plaintiffs' motions contain legal argument and case citations. He has filed nine cases in this district and represented himself at trial in one case, *Alston v. Cahill*, No. 3:07-cv-473 (RNC). The court concludes that the plaintiff deliberately waited to contact Inmates' Legal Assistance Program to further delay resolution of this case. Accordingly, the motion for reconsideration is denied.

Further, the court will consider appointing counsel only after the indigent person demonstrates that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991). As explained above, although first advised that he should contact Inmates' Legal Assistance Program in 2009, the plaintiff failed to do so until recently. The court will not consider the lack of immediate response to his late inquiry evidence that the plaintiff is unable to obtain legal assistance on his own. Accordingly, the motion for appointment of counsel also is denied. The plaintiff may refile his motion if he survives summary judgment.

The plaintiff's motion for appointment of counsel [**Doc. #130**] is **DENIED** without prejudice

and his motion for reconsideration [**Doc. #132**] is **DENIED**.

IT IS SO ORDERED
Dated: New Haven, Connecticut
July 18, 2012

                                              */s/ Charles S. Haight Jr.*
                                              Charles S. Haight Jr.
                                              Senior United States District Judge